UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TUAN VAN LE,<br><br>Defendant. | CR17-0136 TSZ<br><br>ORDER |

This matter come before the Court on Defendant Tuan Van Le's motion for sentence reduction, docket no. 281. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following Order DENYING the motion.

**Background**

In December 2017, Defendant Tuan Van Le pleaded guilty to (i) Conspiracy to Distribute Marijuana and (ii) Conspiracy to Commit Money Laundering. *See* Plea Agr. (docket no. 147). Based on the 2016 Sentencing Guidelines Manual, Le's combined Total Offense Level was calculated to be Level 33. Am. Presentence Investigation Report at ¶¶ 24–36 (docket no. 197). This offense level incorporated both Le's acceptance of responsibility and his leadership role in the underlying conspiracy. *See id.*

ORDER - 1

Le had four previous criminal convictions that scored a total of five criminal history points and placed him in Criminal History Category III.  *See id.* at ¶¶ 37–42.  Accounting for Le's Total Offense Level and Criminal History Category, Probation calculated Le's sentencing range as 168 to 210 months.  *Id.*  The Court adopted Probation's sentencing calculations and, on March 22, 2018, sentenced Le to 168 months as to each count, to run concurrently.  *See* Judgment at 2 (docket no. 210).  Le is currently serving that sentence.

Le now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) on the grounds that he is entitled to a reduction in his offense level under Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, also known as the Zero-Point Offender Amendment.  Le additionally moves for his remaining prison term to be converted into a term of home confinement.

**Discussion**

A sentence is generally considered final and may not be altered except in limited circumstances.  *See* 18 U.S.C. § 3582(b); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010).  One such limited circumstance is when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and resentencing such defendant comports with policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).

The Sentencing Commission has issued policy statements identifying which amendments to the Sentencing Guidelines are retroactive, including the Zero-Point Offender Amendment, and how such amendments should be applied.  *See* U.S. Sent'g

ORDER - 2

Guidelines Manual § 1B1.10.  Any reduced sentence based on a retroactive amendment must be consistent with these policy statements.  *Dillon*, 560 U.S. at 821.  If a retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range," then any reduction in the defendant's sentence based on that amendment "is not consistent with [§ 1B1.10] and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." U.S. Sent'g Guidelines Manual § 1B1.10(a)(2).

To be eligible for a sentence reduction under the Zero-Point Offender Amendment, a defendant must meet each of the criteria enumerated in the Amendment. The first enumerated criterion to qualify for a reduction is that "the defendant did not receive any criminal history points from Chapter Four, Part A."  *Id.* at § 4C1.1(a)(1).  Le fails to meet this criterion because he received five criminal history points for prior convictions.  *See* Am. Presentence Investigation Report at ¶¶ 37–42 (docket no. 197). Additionally, Le fails to meet the tenth criterion of the Amendment, which requires that "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) . . . ." U.S. Sent'g Guidelines Manual § 4C1.1(a)(10).  Le, however, agreed that an adjustment under § 3B1.1. was warranted, *see* Plea Agr. at ¶ 10.c (docket no. 147), and he received the resulting four-level enhancement for his aggravating role in the underlying conspiracy, Am. Presentence Investigation Report at ¶ 31 (docket no. 197).  Because Le does not meet two criteria of the Zero-Point Offender Amendment, the Amendment does not have the effect of lowering his applicable guideline range.  Consequently, Le is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

ORDER - 3

Le also moves for the remainder of his prison term to be converted to a period of home confinement. Le contends that such a modification is required under § 5C1.1 of the Sentencing Guidelines. Under § 5C1.1 of the Sentencing Guidelines, any sentence imposed within the applicable guideline range of Zone D of the Sentencing Table "shall be satisfied by a sentence of imprisonment." U.S. Sent'g Guidelines Manual § 5C1.1(f). Le's Total Offense Level of 33 and Criminal History Score of III places him squarely within Zone D of the Sentencing Table. *See* U.S. Sent'g Guidelines Manual § Ch. 5, pt. A. Even if Le were to receive a two-level reduction to his offense level, taking his offense level from 33 to 31, his guideline range would still fall in Zone D. The Sentencing Guidelines direct that Le's sentence "be satisfied by a sentence of imprisonment " and the remainder of his prison term will not be converted to a term of home confinement.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)  Defendant Tuan Van Le's motion for sentence reduction, docket no. 281, is DENIED.

(2)  The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 20th day of June, 2024.

Thomas S. Zilly
United States District Judge

ORDER - 4